United States District Court
Southern District of Texas
ENTERED
JUL 29 1998
Michael N. Milby, Clerk of Court
By Deputy Clerk

United States District Court
Southern District of Texas
FILED
JUL 2 8 1998
Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JAIR QUIMBAYA-OSPINA,<br>Petitioner, | §<br>§<br>§<br>§ | CIVIL ACTION NO. B-97-242 |
| vs. | §<br>§<br>§<br>§ | CRIMINAL ACTION NO. B-92-137 |
| UNITED STATES OF AMERICA,<br>Respondent. | §<br>§<br>§ | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Jair Quimbaya-Ospina filed a petition pursuant to 28 U.S.C. § 2255 claiming ineffective assistance of counsel, and certain sentencing errors were committed by the district court. The government has filed a Motion to Dismiss which for the reasons set forth below, should be granted.

## BACKGROUND

On June 9, 1992, Quimbaya-Ospina was indicted on charges relating to a heroin distribution conspiracy. On August 6, 1992, Quimbaya-Ospina entered a plea of guilty to one substantive count alleging the possession of heroin with intent to distribute. On October 14, 1992, he was sentenced to 160 months in the custody of the Bureau of Prisons to be followed by a five-year supervised release term. Judgment was entered on October 29, 1992. No appeal was taken. On October, 21, 1997, Quimbaya-Ospina filed his petition under § 2255.

## THE § 2255 PETITION

Quimbaya-Ospina's Petition raises two issues:

First, his trial counsel was ineffective

Second, the district court erred in applying the sentencing guidelines

## RECOMMENDATION

Quimbaya-Ospina's petition is time barred by the one year limitation contained in 28 U.S.C. § 2255 which went into effect on April 24, 1996. Those convictions that became final before April 24, 1996 were given a one year grace period, until April 24, 1997 to file their petitions. *United States v. Flores*, 135 F.3d 1000 (5th Cir. 1998). Since Quimbaya-Ospina's conviction became final on October 29, 1992, he had until April 24, 1997 to file his petition. He did not file until October 21, 1997, some six months after the deadline.

Quimbaya-Ospina's petition also fails on the merits. All of his claims rest on the assumption that the sentencing guidelines were misapplied. A § 2255 claim encompasses only constitutional issues, and it is well established that a complaint about the application of the sentencing guidelines does not raise a constitutional issue. *United States v. Vaughn*, 955 F.2d 367 (5th Cir. 1992).

IT IS THEREFORE **RECOMMENDED** that the government's Motion to Dismiss be **GRANTED** and Jair Quimbaya-Ospina's habeas petition be **DISMISSED.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal that unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. See *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas on this, 28th day, of July, 1998.

John Wm. Black
United States Magistrate Judge